# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN S. RODRIGUEZ ANDRADE,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:22-cv-00291-RBM-MSB<br><br>**ORDER GRANTING MOTION TO REMAND TO STATE COURT**<br><br>**[Doc. 12]** |

Before the Court is Plaintiff Ruben S. Rodriguez Andrade's ("Plaintiff") April 7, 2022 motion to remand to state court. (Doc. 12.) Defendant Ford Motor Company ("Ford") filed an opposition to Plaintiff's motion on May 13, 2022 (Doc. 23), and Plaintiff filed his reply on May 16, 2022. (Doc. 24.) The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, Plaintiff's motion to remand is **GRANTED**.

## I.    BACKGROUND

Ford removed this action from Superior Court of California, County of San Diego, on March 4, 2022. (Doc. 1.) Plaintiff filed his state court action against Ford on January

31, 2022, asserting breach of warranty allegations against Ford. (*Id*. at 2.) In its notice of removal, Ford asserted that complete diversity of citizenship existed between the parties, as Plaintiff is a resident of California, and Ford is a corporation incorporated in and organized under the laws of the State of Delaware with its principal place of business in Michigan. (*Id*. at 5–6.) Ford also asserted that the amount in controversy exceeded $75,000 as required by 28 U.S.C. § 1332. (*Id*. at 3–5.)

On March 17, 2022, Plaintiff filed his first amended complaint ("FAC"), adding Desert Auto Group V, LLC as a Defendant ("Desert Auto"). (Doc. 6.) Plaintiff alleged that Desert Auto is a California corporation with its principal place of business in the state of California. (*Id*. ¶ 4.) The FAC alleges Ford violated California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq*. by, among other things, selling a defective vehicle to Plaintiff and failing to repair. (*See id*.) Plaintiff also alleges in the FAC that Desert Auto, a motor vehicle repair shop in Chula Vista, negligently failed to repair Plaintiff's vehicle. (*See id*.)

On April 7, 2022, Plaintiff filed the instant motion to remand to state court. (Doc. 12.) In his motion, Plaintiff alleges that the proper joinder of Desert Auto as a Defendant destroyed complete diversity between the parties, and the amount in controversy does not exceed $75,000. (*Id*. at 12–22.) Ford argues remand is not appropriate because the post-removal joinder of Desert Auto is a sham in that joinder of this Defendant was only undertaken to destroy diversity jurisdiction, and the amount in controversy easily exceeds $75,000.[1] (Doc. 23 at 9–27.)

---

[1] Plaintiff's initial complaint in state court alleged Ford is a "corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business in the State of California." (Doc. 1-3 at ¶ 4.) It also states Ford was engaged in the "design, manufacture, construction, assembly, marketing, sale, and distribution of automobiles, motor vehicles and other related components and services in San Diego County." (*Id*.) Ford's notice of removal states it is organized under the laws of the State of Delaware with its principal place of business in Michigan. (Doc. 1 at ¶ 22.) The post-removal FAC no longer alleges Ford is organized in

## II.  LEGAL STANDARD

### A. Removal Jurisdiction

Any civil action filed in state court may be removed to federal court if the federal court would have original jurisdiction. *See* 28 U.S.C. § 1441(a). Removal is proper to federal court when the case presents a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1331, 1332(a). An action may be removed to federal court only where there is complete diversity of citizenship. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citation omitted). "[T]he burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel Lockyer v. Dynegy Power Mktg., Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citation omitted).

Ordinarily, a party may amend its complaint without leave of court if the party amends within twenty-one days after service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f). *See* FED. R. CIV. P. 15(a)(1)(B). However, when an

---

the State of Delaware; it now states Ford is "a corporation organized and in existence under the laws of the State of California[.]" (Doc. 6 at ¶ 3.) Similarly, the FAC no longer alleges Ford markets and sells vehicles in San Diego County; it now states Ford markets and sells in Riverside County. (*Id.*) Ford has not had the opportunity to answer the FAC. The parties' briefing on the motion to remand is silent on the citizenship of Ford, and instead focuses on whether Desert Auto's citizenship destroys diversity jurisdiction. Based upon the parties' briefing, it appears there is no dispute that Plaintiff and Ford have diversity of citizenship.

3

amendment to the complaint would deprive the court of subject matter jurisdiction, "a party may not rely on Rule 15(a) to amend a pleading without leave of court; such an amendment must instead by analyzed pursuant to [28 U.S.C.] § 1447(e)." *Vega v. Am. Ins. Co.*, No. 20-cv-10631-FMO-JPRx, 2021 WL 2665718, at *1 (C.D. Cal. June 29, 2021) (internal quotation marks and citation omitted); *see also Forward-Rossi v. Jaguar Land Rover North America, LLC*, No. 16-cv-00949-CAS-KSx, 2016 WL 3396925, at *2 (C.D. Cal. June 13, 2016) (stating "Rule 15 . . . does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant.").[2]

Section 1447(e) provides "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See* 28 U.S.C. § 1447(e). Section 1447(e) "is couched in permissive terms and it clearly gives the district court discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). The decision to deny or permit joinder of a non-diverse defendant is analyzed using the following factors:

> (1) whether the new defendants should be joined under [Federal Rule of Civil Procedure] 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

///

---

[2] The Court joins "the majority of district courts in the Ninth Circuit in choosing to 'analyze joinder or amendment of claims to add a non-diverse defendant under [28 U.S.C.] § 1447(e) as opposed to Rule 15(a)(1)'s amendment as-of-right standard.'" *Reyes v. FCA US LLC*, No. 20-cv-00833-DAD-SKO, 2020 WL 7224286, at *3 n.1 (E.D. Cal. Dec. 8, 2020) (citing *Martinez v. FCA US LLC*, No. 19-cv-08097-SVW-E, 2020 WL 223608, at *2 (C.D. Cal. Jan. 15, 2020); *see also McDaniel v. Ford Motor Co.*, No. 22-cv-00517-DMS-KSC, 2022 WL 3585581, at *2 (S.D. Cal. Aug. 20, 2022) (citing *Reyes*, 2020 WL 7224286, at *3 n.1).

*Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Vega*, 2021 WL 2665718, at *1 (internal quotation marks and citation omitted).

When the parties present arguments regarding the fraudulent joinder[3] of a non-diverse defendant, the analysis of fraudulent joinder is "subsumed in the consideration in a section 1447(e) analysis of whether plaintiff can state a valid claim against the party sought to be joined." *Taylor v. Honeywell Corp.*, No. C 09-4947-SBA, 2010 WL 1881459, at *2 n.1 (N.D. Cal. May 10, 2010). Accordingly, the Court may consider a party's fraudulent joinder argument under the Section 1447(e) framework. *Id.*

### III.   DISCUSSION

While the parties dispute the amount in controversy requirement, the joinder of Desert Auto, a non-diverse defendant, must be analyzed first. Therefore, the Court will analyze the Section 1447(e) factors to determine whether joinder of Desert Auto is permitted.

**A. Need for Joinder**

Federal Rule of Civil Procedure 19 requires joinder of a party if its absence would

---

[3] An exception to the complete diversity requirement exists when a non-diverse defendant has been fraudulently joined. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). If the court finds fraudulent joinder has occurred, the non-diverse defendant's citizenship is ignored for purposes of determining diversity. *Id.* To resolve a claim of fraudulent joiner, the court may consider evidence outside the pleadings such as affidavits and deposition testimony. *Id.* at 1067-1068. Fraudulent joinder can be found if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]" *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The burden on a defendant opposing remand based on an alleged fraudulent transfer is a "heavy one." *Armstrong v. FCA US LLC*, No. 19-cv-01275-DAD-SAB, 2020 WL 6559232, at *3 (E.D. Cal. Nov. 9, 2020) (citing *Lee v. Ford Motor Corp.*, No. 19-cv-10170-AB-FFM, 2020 WL 2835748, at *2 (C.D. Cal. May 29, 2020)). "Fraudulent joinder must be proven by clear and convincing evidence, and district courts must resolve all disputed questions of fact in favor of the plaintiff." *Id.* (citing *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).

preclude the court from granting complete relief amongst existing parties, impede a party's ability to protect its interests, or leave an existing party subject to a substantial risk of incurring inconsistent outcomes. FED. R. CIV. P. 19(a). While courts consider Rule 19 in determining whether to permit joinder under Section 1447(e), "amendment under Section 1447(e) is a less restrictive standard and is met when failure to join will lead to separate and redundant actions." *McDaniel*, 2022 WL 3585581, at *2 (internal quotation marks and citations omitted).

Courts have found claims against a repairing entity to be "directly related" to a Song-Beverly action. *Id.* (citing *Forward-Rossi*, 2016 WL 3396925, at *3). As in *McDaniel*, Plaintiff's claims against Desert Auto and Ford involve the same vehicle, the same alleged defects, and the same unsuccessful attempts to repair. *Id.* Resolution of the negligent repair claim will likely involve many of the same witnesses and evidence as the Song-Beverly claims against Ford. *See McDaniel*, 2022 WL 3585581, at *2; *Forward-Rossi*, 2016 WL 3396925, at *3. Considering the foregoing, the Court finds Desert Auto is necessary for the just adjudication of Plaintiff's claims.

### B. Statute of Limitations

The parties agree that the statute of limitations would not preclude an original action against Desert Auto in state court. (*See* Doc. 12-1 at 14-15; Doc. 23 at 18-19.) Since Plaintiff's action against Desert Auto is not time-barred in state court, this factor weighs against joinder. *See McDaniel*, 2022 WL 3585581, at *3.

### C. Timeliness of Joinder

"When determining whether to allow amendment to add a non-diverse party, courts consider whether the amendment was attempted in a timely fashion." *Avellanet v. FC US LLC*, No. CV-19-7621-JFW-KSx, 2019 WL 5448199, at *3 (C.D. Cal. Oct. 24, 2019) (internal quotation marks and citation omitted).

After Ford removed the case to this Court, Plaintiff brought his vehicle to Desert

1  Auto on March 8, 2022.[4]  (*See* Doc. 23-1, Decl. of Amy Maclaer ISO Opp. to Mot. for
2  Remand, ¶ 5, Ex. C); *see also Morris*, 236 F.3d at 1067–1068 (court may consider evidence
3  outside the pleadings such as affidavits and deposition testimony when analyzing
4  fraudulent joinder).  Plaintiff filed the amended complaint on March 17, 2022.  (Doc. 6.)
5  Given the minimal amount of time between the repair attempt at Desert Auto and the filing
6  of Plaintiff's amended complaint, this factor weighs in favor of joinder.

### D. Motive for Joinder

Ford contends Plaintiff added Desert Auto as a defendant for the sole purpose of defeating federal jurisdiction. (Doc. 23 at 17–18.) Plaintiff went to Desert Auto four days after Ford removed the case on March 4, 2022 and he filed his amended complaint two days after he retrieved the vehicle from Desert Auto. (*Id.*) Ford also alleges "[t]here is simply no meaningful monetary motivation to sue a party based on a single interaction consisting of an auto inspection." (*Id.* at 18.) Plaintiff responds that presenting a vehicle for repairs during litigation is common in lemon law cases, and in any event, Ford cannot meet its heavy burden in proving fraudulent joinder. (Doc. 24 at 4–5.)

"[T]he question of whether joinder is solely intended to defeat jurisdiction is intertwined with the question of whether the claims against the new defendant appear valid." *Sabag v. FCA US, LLC*, No. 16-cv-06639-CAS-RAOx, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016) (internal quotation marks and citation omitted).  As outlined below, the Court finds Plaintiff's claim against Desert Auto is facially viable. *Infra*, pp. 8–10.  Although the claim is facially viable, the Court agrees that defeating jurisdiction appears to be Plaintiff's primary motive in adding Desert Auto as a defendant. *See McDaniel*, 2022 WL 3585581, at **3–4 (finding plaintiff's primary motive in adding "thinly argued" negligent repair claim against new defendant Desert Auto was to destroy diversity jurisdiction); *Viveros v. Ford Motor Co.*, No. 21-cv-527-TWR-BGS, 2021 WL

---

[4] Ford argues this post-removal repair attempt shows Plaintiff's improper motive in naming Desert Auto.  The Court will consider this argument in subsection (d) addressing motive.

5989365, at *6 (S.D. Cal. July 27, 2021) (finding plaintiff's primary motive to amend complaint adding negligent repair claim against new defendant was to defeat diversity jurisdiction given amended complaint's threadbare factual allegations against new defendant). Other than the FAC's allegations as to Desert Auto's California citizenship and its minimal allegations within the sixth cause of action for negligent repair, the FAC lacks detailed factual allegations about when Plaintiff presented the vehicle to Desert Auto, the type of work Desert Auto performed, or any explanation as to how Desert Auto performed such work negligently. (Doc. 6 at ¶¶ 4, 42–47.) According to Ford, Plaintiff presented the vehicle once to Desert Auto only *after* Ford filed its notice of removal. (Doc. 23 at 11, 17–18); *but see Lara v. Bandit Industs., Inc.*, No. 12-cv-02459-MCE-AC, 2013 WL 1155523, at *5 (E.D. Cal. Mar 19, 2013) (declining to find improper motive for post-removal addition of non-diverse defendant reasoning "the Court does not construe Plaintiffs' preference for state court any more negatively than Defendants' preference for federal court.") Ford alleges Desert Auto only performed a road test and multi-point inspection of the vehicle, and Plaintiff paid nothing out-of-pocket for this inspection. (*Id.*) Given that Plaintiff's addition of Desert Auto appears to be primarily motivated to defeat jurisdiction, this factor weighs against joinder. *McDaniel*, 2022 WL 3585581, at **3–4; *Viveros*, 2021 WL 5989365, at *6.

### E. Validity of Claims Against New Defendant

Ford contends Plaintiff's negligent repair claim against Desert Auto is not properly pleaded, and even assuming it is, the claim is barred because Plaintiff's damages claim consists solely of economic losses. (Doc. 23 at 15–17.) Plaintiff responds that Desert Auto's repair work consisted of a contract for services, therefore, an exception to the economic loss rule applies. (Doc. 24 at 5–6.) Plaintiff also argues, to the extent there are any deficiencies in its complaint, the Court may consider whether an amendment can cure the deficiency. (*Id.* at 7–8.)

In assessing the validity of a plaintiff's claims, "the court need only determine whether the claim seems valid" which is not the standard for evaluating either a motion to

dismiss or a motion for summary judgment. *Sabag*, 2016 WL 6581154, at *6 (internal quotation marks and citation omitted). "For the purposes of joinder under § 1447(e), a plaintiff's claim need only be facially viable—the claim need not be plausible nor stated with particularity." *Reyes*, 2020 WL 7224286, at *8 (citation omitted).

To state a claim for negligent repair, the plaintiff must establish the elements of a standard negligence claim: duty, breach, causation, and damages. *Malijen v. Ford Motor Co.*, No. EDCV 20-1217-JGB-KKx, 2020 WL 5934298, at *4 (C.D. Cal. Aug. 20, 2020) (citation omitted). The FAC alleges Plaintiff delivered his vehicle to Desert Auto for repair, Desert Auto owed a duty of care in the "storage, preparation, diagnosis, and/or repair of the Vehicle," and it breached this duty. (Doc. 6 at ¶¶ 43–45.) It alleges Desert Auto proximately caused Plaintiff's damages due to its "failure to properly store, prepare, diagnose, and/or repair" the vehicle in accordance with industry standards. (*Id.* ¶¶ 46–47.) Consistent with the many courts that have found facially valid negligent repair claims despite a complaint's threadbare allegations, this Court finds Plaintiff's allegations set forth a facially viable claim against Desert Auto. *McDaniel*, 2022 WL 3585581, at *4; *Viveros*, 2021 WL 5989365, at **8–9 (collecting cases).

Under California's economic loss rule, the plaintiff may generally only recover economic losses through contract rather than through tort. *See Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). Economic loss consists of "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits—without any claim for personal injury or damages to other property." *Id.* (internal quotation marks and citation omitted). California courts recognize an exception to the economic loss rule when the contract involves services rather than goods, where a negligent failure to perform services under a contract may be both a breach of contract and a tort. *N. Am. Chem. Co. v. Superior Court*, 59 Cal. App. 4th 764, 774 (Cal. Ct. App. 1997). District courts in California "have been virtually unanimous in rejecting the argument that a dealership that serviced the subject vehicle is fraudulently joined because the economic loss rule bars a negligent repair claim." *Reyes*, 2020 WL 7224286, at *9 (internal quotation

marks and citation omitted). The Court finds no basis to depart from other district court's interpretation of this very issue and finds Plaintiff has stated a facially viable claim. *See McDaniel*, 2022 WL 3585581, at *4. Accordingly, this factor weighs in favor of joinder.

### F. Prejudice to Plaintiff

Plaintiff argues he will be prejudiced if he is forced to pursue separate litigation against Desert Auto in state court, as it is indisputable that all of the claims involve the same vehicle and the same unsuccessful attempt to repair the vehicle. (Doc. 12-1 at 16.) Ford responds that it would be prejudiced by having to defend the claims against it in state court, especially given the circumstances of Plaintiff's post-removal joinder of Desert Auto. (Doc. 23 at 20.)

"Where claims against parties sought to be joined in an action arise out of the same factual circumstances, it is in the economic benefit of all parties and the judicial system to have the entire controversy adjudicated only once[.]" *Avellanet*, 2019 WL 5448199, at *4 (internal quotation marks and citation omitted). Neither party disputes that Plaintiff's claims against Desert Auto involve the same vehicle and its failure to be repaired. If the Court denies joinder of Desert Auto, Plaintiff would be prejudiced by having to litigate claims involving similar factual allegations in state and federal court. *Armstrong*, 2020 WL 6559232, at **9–10. Therefore, the Court finds this factor weighs in favor of joinder.

Weighing all of the Section 1447(e) factors, the Court permits Plaintiff's joinder of Desert Auto. Given that Plaintiff and Desert Auto are citizens of California, the Court lacks diversity jurisdiction based upon complete diversity of citizenship.[5] Accordingly, the Court **GRANTS** Plaintiff's motion to remand.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand. The

---

[5] Given that the there is no complete diversity of citizenship between Plaintiff and Defendants Ford and Desert Auto, the Court need not address the parties' arguments regarding whether Plaintiff has satisfied the amount in controversy requirement.

Court orders this action **REMANDED** to San Diego County Superior Court, where it was originally filed.

   **IT IS SO ORDERED**.

DATE: March 20, 2023

                   _____
                   HON. RUTH BERMUDEZ MONTENEGRO
                   UNITED STATES DISTRICT JUDGE